IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

IGOR CHERKASSKY,

           Plaintiff,                           ORDER

    v.                                     24-cv-870-wmc

HIGH END SERVICE LLC, and
SUB-ZERO GROUP, INC.,

           Defendants.
_____

On April 22, 2025, the clerk of court entered default against Defendant High-End Service LLC ("HES") in this case. (Dkt. #14.) Plaintiff Igor Cherkassky then moved for default judgment. (Dkt. #15.) Shortly after, on May 9, 2025, before this court could schedule a date to hold a hearing on that motion, HES appeared in this action, moved to vacate the clerk's entry of default, and moved to extend its time to answer the complaint. (Dkt. #21 and Dkt. #22.) Because plaintiff did not respond to that motion, both the original motion for default and the motion to vacate default fell through the cracks until now.

Under Federal Rule of Civil Procedure 55(c), this court may vacate an entry of default when the moving party shows good cause for its delay, takes quick action to correct the default, and presents a potentially meritorious defense to the complaint. *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014). Here, HES has established good cause for its delay, since undisputed declarations establish that its failure to answer timely was not willful, but rather the result of delay by its insurers as they determined their duty to defend. *Id.*; (Alonso Declr.

(dkt. #25) ¶¶ 13-20); (Light Decl. (dkt. #23) ¶¶ 4-10.)[1] Further, the company acted immediately when it learned of its default and repeatedly prompted its insurers to retain counsel. (Alonso Declr. (dkt. #25) ¶¶ 13-20.) Finally, HES has demonstrated a sufficiently meritorious defense to the complaint, describing the nature of its defense and its factual basis. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009); (Alonso Decl. (dkt. #25) ¶¶ 2-8).

Given the "lenient" standard for applying Rule 55(c) and the Seventh Circuit's preference for trial on the merits over default judgment, the court agrees with HES that entry of default should be set aside. *Cracco*, 559 F.3d at 631. Accordingly, the court will deny the plaintiff's motion for default judgment and allow defendant HES additional time to respond to the complaint.

ORDER

IT IS ORDERED THAT:

1) Plaintiff's motion for default judgment as to High-End Service LLC (dkt. #15) is DENIED, and Defendant High-End Service LLC's motion to vacate entry of default and extend time to answer (dkt. #22) is GRANTED.

2) Defendant High-End Service LLC's answer (dkt. #22-1) is deemed timely filed as of the date of this order. Defendant High-End Service LLC shall otherwise comply with the pretrial conference order. (Dkt. #29).

Entered this 3rd day of November, 2025.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

---

[1] Of course, delays like this may well have resulted in liability for the insured and its insurance companies had it not acted quickly to correct its default.